UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHEFA, LLC and
SIDNEY ELHADAD,

        Plaintiffs,                Case No. 2:20-cv-11038-TGB-EAS

v                              Honorable Terrence G. Berg
                              Magistrate Judge Elizabeth Stafford

CITY OF SOUTHFIELD,
SOUTHFIELD DOWNTOWN
DEVELOPMENT AUTHORITY,
AL ACEVES, PLUNKETT COONEY,
P.C., DOUGLAS C. BERNSTEIN, and
PATRICK LANNEN,

        Defendants.

                                              /

WOOD, KULL, HERSCHFUS, OBEE & KULL, P.C.
Brian H. Herschfus (P41567)
Attorneys for Plaintiffs
37000 Grand River Ave., Ste. 290
Farmington Hills, MI 48335-2881
(248) 476-2000
bhh@woodkull.com


SEWARD HENDERSON, PLLC
T. Joseph Seward (P45095)
Kail M.L. Henderson (P76479)
David D. Burress (P77525)
Attorneys for Defendants Al Aceves, City of Southfield and Southfield Downtown Development Authority
210 E. 3rd St., Ste. 212
Royal Oak, MI 48067
(248) 733-3580
jseward@sewardhenderson.com

PLUNKETT COONEY
Michael P. Ashcraft, Jr. (P46154)
Attorneys for Defendants Plunkett Cooney, P.C., Douglas C. Bernstein, and Patrick Lannen
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 592-8217
mashcraft@plunkettcooney.com

LENNON LAW PLLC
Edward G. Lennon (P42278)
Attorney for Defendants Plunkett Cooney, P.C., Douglas C. Bernstein, and Patrick Lannen
355 S. Old Woodward Ave., Ste. 100
Birmingham, MI 48009
(248) 723-1276
elennon@lennonlawpllc.com

khenderson@sewardhenderson.com
dburress@sewardhenderson.com

_____/

## DEFENDANTS PLUNKETT COONEY P.C., DOUGLAS C. BERNSTEIN AND PATRICK LANNEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants Plunkett Cooney P.C., Douglas C. Bernstein and Patrick Lannen, by and through their attorneys, Lennon Law PLLC, pursuant to Fed. R. Civ. P. 12(b)(6), hereby move to dismiss all claims asserted against them with prejudice. Prior to filing this motion, via letter dated September 4, 2020, undersigned counsel for these Defendants sought concurrence in this motion from counsel for Plaintiffs, explaining in detail why Plaintiffs' claims lack merit. Plaintiffs' counsel has not responded to undersigned counsel's September 4, 2020 letter.

Wherefore, for the reasons set forth in the attached brief, Defendants Plunkett Cooney P.C., Douglas C. Bernstein and Patrick Lannen request that this Court grant their motion to dismiss, and that this Court dismiss all claims against them with prejudice.

Respectfully submitted,

LENNON LAW PLLC

/s/Edward G. Lennon
Edward G. Lennon (P42278)
Attorney for Defendants
Plunkett Cooney, P.C., Douglas
C. Bernstein, & Patrick Lannen
355 S. Old Woodward, Ste. 100
Birmingham, MI 48009
(248) 723-1276
elennon@lennonlawpllc.com

Dated:  September 11, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEFA, LLC and
SIDNEY ELHADAD,

          Plaintiffs,

v

CITY OF SOUTHFIELD,
SOUTHFIELD DOWNTOWN
DEVELOPMENT AUTHORITY,
AL ACEVES, PLUNKETT COONEY,
P.C., DOUGLAS C. BERNSTEIN, and
PATRICK LANNEN,

          Defendants.

Case No. 2:20-cv-11038-TGB-EAS
Honorable Terrence G. Berg
Magistrate Judge Elizabeth Stafford

---

WOOD, KULL, HERSCHFUS,
OBEE & KULL, P.C.
Brian H. Herschfus (P41567)
Attorneys for Plaintiffs
37000 Grand River Ave., Ste. 290
Farmington Hills, MI 48335-2881
(248) 476-2000
bhh@woodkull.com

PLUNKETT COONEY
Michael P. Ashcraft, Jr. (P46154)
Attorneys for Defendants Plunkett
Cooney, P.C., Douglas C. Bernstein,
and Patrick Lannen
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 592-8217
mashcraft@plunkettcooney.com

SEWARD HENDERSON, PLLC
T. Joseph Seward (P45095)
Kail M.L. Henderson (P76479)
David D. Burress (P77525)
Attorneys for Defendants Al Aceves,
City of Southfield and Southfield
Downtown Development Authority
210 E. 3rd St., Ste. 212
Royal Oak, MI 48067
(248) 733-3580
jseward@sewardhenderson.com
khenderson@sewardhenderson.com

LENNON LAW PLLC
Edward G. Lennon (P42278)
Attorney for Defendants Plunkett
Cooney, P.C., Douglas C. Bernstein,
and Patrick Lannen
355 S. Old Woodward Ave., Ste. 100
Birmingham, MI 48009
(248) 723-1276
elennon@lennonlawpllc.com

dburress@sewardhenderson.com

_____/

## BRIEF IN SUPPORT OF DEFENDANTS PLUNKETT COONEY P.C., DOUGLAS C. BERNSTEIN AND PATRICK LANNEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

# TABLE OF CONTENTS

Statement of Issues Presented………..…………………………………..iii

Controlling Authority……………………………………………..…..v

INTRODUCTION………………………………………………………...1

STATEMENT OF FACTUAL ALLEGATIONS…………..……………...1

I.   The parties and the subject property…………………..….…………..…1

II.   Shefa's Bankruptcy…………………………………………………...2

III.   The State Court case……………………………………………..…4

ARGUMENT………………………………………………………..…4

I.   The claims against Plunkett Cooney…………………………………...4

II.   Plaintiffs have failed to sufficiently plead any of their claims………....6

III.   Plaintiffs claims are barred under the principles of *res judicata*…..…..8

IV.   Plaintiffs have failed to plead any facts supporting a claim under 42 U.S.C. 1985 (3).  Counts III and VI should be dismissed…………...11

V.   Plunkett Cooney cannot be held liable under 42 USC 1983 because it is not a state actor.  Additionally, Plaintiffs have not alleged any individual acts by Bernstein or Lannen.  Counts IV, XIV and XV should be dismissed……………………………………………....…...13

A.   Plunkett Cooney is not a state actor that may be held liable under 42 U.S.C. 1983……………………………………………………….13

B.   Plaintiffs have not alleged any individual acts by Bernstein or Lannen………………………………………………………………17

VI.    There exists no recognized cause of action under Michigan law for conspiracy to interfere with livelihood.   Count V should be dismissed...................................................................................18

VII.   Counts V and VII fail because the Complaint fails to allege the necessary elements of a conspiracy......................................18

VIII.  Plunkett Cooney cannot be held liable for concert of action, defeating Count VIII, because the complaint fails to allege that all defendants acted tortiously pursuant to a common design, and because Plaintiffs have failed to plead a valid underlying tort claim........................20

IX.    Plaintiffs' claim for malicious prosecution fails because Plaintiffs have failed to plead Plunkett Cooney acted with malice or they incurred a special injury.  Count IX should be dismissed.............20

X.     Plaintiffs' claim under 28 U.S.C. 1927 fails as a matter of law.  Count should be dismissed......................................................22

CONCLUSION..............................................................................23

ii

## STATEMENT OF ISSUES PRESENTED

1. Where Plaintiffs' complaint fails to allege any act or omission on the part of these Defendants, have Plaintiffs failed to state a claim upon which relief can be granted?

2. Because the entity Plaintiff's request for sanctions against these Defendants was denied in an underlying case, are Plaintiffs' claims barred under the principles of *res judicata*?

3. Because they are not state actors, can these Defendants be held liable under 42 U.S.C. 1983?

4. Can these individual Defendants be held liable under 42 U.S.C. 1983 where Plaintiffs have failed to allege individual acts on the part of these individual Defendants?

5. Is there a cognizable claim under Michigan law for conspiracy to interfere with livelihood?

6. Have Plaintiffs failed to allege the necessary elements of a conspiracy?

7. Have Plaintiffs failed to allege the necessary elements of concert of action?

8. Have Plaintiffs failed to allege the necessary elements of malicious prosecution?

9. May Plaintiffs recover in this action sanctions under 28 U.S.C. 1927 for based on these Defendants' lawyering in underlying matters?

# CONTROLLING AUTHORITY

## CASE LAW

*Abel v Eli Lilly & Co.*, 418 Mich 311, 338; 343 NW2d 164 (1984)..........20

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 170, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970)......................................................................................15

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).............................................................................................6

*Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011)...9

*Barnard v Hartman*, 130 Mich. App. 692, 694-695; 344 N.W.2d 53 (1984)............................................................................................21

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)...........................................................6

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845, 105 S. Ct. 156, 83 L. Ed. 2d 93 (1984)............................................17

*Bier v. Fleming*, 717 F.2d 308, 311 (6th Cir. 1983), cert. denied, 465 U.S. 1026, 79 L. Ed. 2d 686, 104 S. Ct. 1283 (1984)...............................16

*Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989)...........................17

*Blair v Checker Cab Co*, 219 Mich. App. 667, 674; 558 N.W.2d 439 (1996)..........................................................................................19

*Blum v. Yaretsky*, 457 U.S. 991, 1004, 73 L. Ed. 2d 534, 102 S. Ct. 2777 (1982)............................................................................................16

*Bob Tatone Ford, Inc. v Ford Motor Co.*, 140 F. Supp. 817, 823 (S.D. Ohio 2000)............................................................................................9

*Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26, 6 L. Ed. 2d 45, 81 S. Ct. 856 (1961)....................................................................15

v

*Bynum v Michigan State University*, 117 F. R. D. 94, 97 (W.D. Mich. 1987)......................................................................22

*Center for Bio-Ethical Reform, Inc., v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (quoting *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003))..............................................................................11

*Cousineau v Ford Motor Co*, 140 Mich. App. 19, 22; 363 N.W.2d 721 (1985)...................................................................19

*Dennis v. Sparks*, 449 U.S. 24, 27-32, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980)....................................................................14

*Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)....................6

*Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)....................................................................6

*Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995)........................14

*Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 611, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008) (Stevens, J., dissenting) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 119-20, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992).....................................................................13

*Fenestra, Inc v Gulf American Land Corp*, 377 Mich 565, 593; 141 NW2d 36 (1966).....................................................................19

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978).....................................................................14

*Friedman v Dozorc*, 412 Mich. 1, 46; 312 N.W.2d 585 (1981)...............20

*Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000))...............6

*Health Call v Atrium Home & Health Care Servs*, 268 Mich App 83, 90; 706 NW2d 843 (2005).....................................................................18

*Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 42 L. Ed. 2d 477, 95 S. Ct. 449 (1974).....................................................................16

*Jones v. Duncan*, 840 F.2d 359, 361-62 (6th Cir. 1988)...........................14

*Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), *cert. denied*, 517 U.S. 1220, 134 L. Ed. 2d 949, 116 S. Ct. 1848 (1996).....................9

*Knox County Ed. Assn. v. Knox County Bd. of Ed.*, 158 F.3d 361, 376 (6th Cir. 1998), cert. denied, 528 U.S. 812, 120 S. Ct. 46, 145 L. Ed. 2d 41 (1999)...........................................................................................8

*Lakeshore Community Hosp v Perry*, 212 Mich. App. 396, 401; 538 N.W.2d 24 (1995)....................................................................................18

*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 930, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)...............................................................................14

*Magid v Oak Park Racquet Club Assocs, Ltd*, 84 Mich App 522, 529; 269 NW2d 661, lv den 404 Mich 805 (1978).........................................19

*Uniprop, Inc, v Morganroth*, 260 Mich. App. 442, 447; 678 N.W.2d 638 (2004).................................................................................................19

*United Broth. of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 834, 77 L. Ed. 2d 1049, 103 S. Ct. 3352 (1983)...................12

*United States v. Price*, 383 U.S. 787, 794 n.7, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966).......................................................................................14

*Weiner v. Klais and Co., Inc.*, 108 F.3d. 86, 88 (6th Cir. 1997)...............9

*West v. Atkins*, 487 U.S. 42, 49-50, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988)...............................................................................................15

## RULES OF CIVIL PROCEDURE

*Fed. R. Civ. P. 8(a)(2)*...............................................................................6

## STATUTES

42 U.S.C. 1985(3)....................................................................................11
42 U.S.C. 1983........................................................................................13

28 U.S.C. 1983……………………………………………………………..17
28 U.S.C. 1927...………………………………………………....………..22

**INTRODUCTION**

Plaintiffs are the entity owner of a hotel property in the City of Southfield and the individual sole member of that entity.  Plaintiffs have sued these Defendants, a law firm and two of its attorneys, solely because they represented the City of Southfield in matters adverse to the entity Plaintiff.  Because Plaintiffs' claims are clearly frivolous and factually unsupported, these Defendants have already sent a Rule 11 letter to Plaintiffs' counsel.

Plaintiffs' complaint fails to allege a single act or omission on the part of these Defendants, let alone any act or omission that gives rise to a cognizable claim.  For the reasons set forth below, all of Plaintiffs' claims against these Defendants should be dismissed with prejudice.

**STATEMENT OF FACTUAL ALLEGATIONS**

**I.   The parties and the subject property.**

Plaintiff Shefa LLC ("Shefa") is the owner of real property located at 16400 J.L. Hudson Drive, Southfield, Michigan, 48075 (the "Property").  Formerly operating at the Property was a hotel known as the Michigan Inn, and, later, the Plaza Hotel (collectively, the "Hotel").  (Complaint, ¶14[1]).

---

[1] Unless otherwise indicated, all future paragraph citations refer to the Complaint in this matter.

1

Shefa acquired the Property in 2009. (Exhibit B to the Complaint, p 1)[2]. The Hotel at the Property closed in 2010. (¶ 15). Plaintiff Sydney Elhadad ("Elhadad") is the owner of Shefa. (¶5).

Plunkett Cooney P.C. is a Michigan law firm. (¶10). Defendants Douglas C. Bernstein ("Bernstein") and Patrick Lannen ("Lannen") are attorneys affiliated with Plunkett Cooney P.C. (¶¶ 11, 12).[3] Plunkett Cooney's only connection to Plaintiffs is through the legal services it provided to the City of Southfield relative to Shefa and the Property. (¶ 52). Co-Defendants are the City of Southfield, the Southfield Downtown Development Authority ("DDA") and Al Aceves, the executive director of the DDA. (¶¶ 6-8).[4]

## II.   Shefa's Bankruptcy.

Not having paid any real estate taxes for the Property since 2004, Shefa (but not Elhadad) filed a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court, Eastern District of Michigan, Case No. 14-42812 in 2014 (the "Bankruptcy Case"). (¶ 16). An order confirming debtor's combined disclosure statement and plan, as amended and granting

---

[2] Citations to exhibits A-E refer to the exhibits attached to Plaintiffs' Complaint in this matter.

[3] Collectively, Plunkett Cooney P.C., Douglas C. Bernstein and Patrick Lannen will be referred to as "Plunkett Cooney".

[4] Collectively, the City of Southfield, the DDA, and Al Aceves shall be referred to as the "Southfield Defendants".

2

final approval to disclosure statement ("Confirming Order") was entered in the Bankruptcy Case on February 19, 2016. (¶ 17; Exhibit A). Among the relevant provisions of the Confirming Order were:

- Shefa was obligated to pay $1.8 million to the Oakland County Treasurer for pre-petition water and sewerage charges (Exhibit A, ¶ 5a).

- Shefa was also obligated to pay to the Oakland County Treasurer 2014 and 2015 taxes totaling $144,908.12 (Exhibit A, ¶¶ 5b, c).

- Shefa granted a deed to the City to be held in escrow and released upon an "Event of Default". (Exhibit A, ¶5f).

- Shefa provided a first priority mortgage to Southfield. (Exhibit A, ¶ 5i).

- Shefa was to obtain site plan approval for its proposed project at the Property within 180 days of the effective date of the plan. (Exhibit A, ¶ 5a).

The Bankruptcy Case was closed on February 6, 2017. (Exhibit B, p 1).

When Shefa violated the terms of the Confirming Order, the City of Southfield, represented by Plunkett Cooney, brought a motion to compel confirmation of the confirmed claim of reorganization, seeking a deed to the Property. On December 22, 2017, the Court entered an order denying Southfield's motion, finding no "Event of Default" under the Confirming Order. (¶ 23, Exhibit B). Southfield appealed that order and, on February

3

27, 2019, the Federal District Court affirmed the Bankruptcy Court's December 22, 2017 ruling. (¶ 24, Exhibit C).

### III.   The State Court case.

In 2019, the City of Southfield filed a lawsuit in Oakland County Circuit Court, Case No. 19-175286-CZ, asserting claims against Shefa and two other entities (but not Elhadad) for: (1) declaratory relief, asking the Court to declare the Hotel at the Property a "dangerous building" and a "nuisance"; (2) appointment of a receiver; and (3) judicial foreclosure (the "State Case", Exhibit E).  On September 12, 2019, the state court issued an opinion and order granting Shefa's summary disposition motion and denying Shefa's request for sanctions against the City of Southfield and Plunkett Cooney.  (**Exhibit E**, pp 11-12).  The City of Southfield has appealed the granting of Shefa's motion for summary disposition to the Michigan Court of Appeals. (¶ 39).

### ARGUMENT

### I.   The claims against Plunkett Cooney.

On April 27, 2020, Plaintiffs filed a 255-paragraph, 15-count, somewhat incomprehensible complaint against Defendants.  Based solely on Plunkett Cooney's representation of the Southfield Defendants, Plaintiffs

4

have "shotgunned" the following overlapping, redundant claims against Plunkett Cooney:

- violation of 42 USC 1985(3) (Count III)

- conspiracy to violate 42 USC 1983 (Count IV)

- conspiracy to interfere with livelihood (Count V)

- conspiracy to violate 42 USC 1985(3) (Count VI)[5]

- common law conspiracy (Count VII)

- concert of action (Count VIII)

- malicious prosecution (Count IX)

- violation of 28 USC 1927 (Count X)

- deprivation of property interest under the Fifth and Fourteen Amendments (Count XIV)[6]

- 14th amendment violation Count (Count XV)

While Plaintiffs seek court costs and attorney fees under 42 U.S.C. 1988 in Count XIII, they have not pled a separate cause of action in Count XIII.

In summary, Plaintiffs have expressly alleged against Plunkett Cooney five conspiracy claims (Counts III, IV, V, VI and VII), concert of

---

[5] Counts III and VI are clearly duplicative, because 42 U.S.C. 1985(3) provides a cause of action for certain conspiracies.
[6] Because 42 U.S.C. 1983 provides for a cause of action based on deprivation of constitutional protections, Counts XIV and XV are subsumed within Count IV.

action (Count VIII), malicious prosecution (Count IX) and several claims based upon alleged violations of federal law (Counts III, IV, X, XIII and XV). Plaintiffs vaguely claim unspecified "[f]inancial/economic damages" and other noneconomic damages. (¶ 255).

## II.   <u>Plaintiffs have failed to sufficiently plead any of their claims.</u>

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

The court "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

6

In Plaintiffs' complaint, prior to the recitation of 15 alleged causes of action, Plaintiff's "General Allegations" are set forth in 61 paragraphs, paragraphs 13-73. Only paragraph 52 expressly alleges anything as to Plunkett Cooney:

> 52.    Pursuant to MCL 125.1660, PA 197 of 1976, the instrumentality of the malicious prosecution and condemnation and/or inverse condemnation are Defendants Plunkett, Bernstein and Lannen.

MCL 125.1660 does not exist.

Within the causes of action, Plaintiffs claim co-Defendants' unspecified actions "have been perpetuated by" Plunkett Cooney (¶¶ 120,145), Plunkett Cooney at all times acted as agents of the City of Southfield (¶¶¶ 159, 168, 176), all Defendants conspired with each other (¶¶168, 176), and all Defendants worked in concert (¶¶190, 209). Other than those vague allegations, there are no factual assertions of specific acts or omissions taken by Plunkett Cooney that give rise to any cause of action.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 , citing *Twombly*, 550 U.S. at 570. A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint does not suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement'". *Ashcroft*,

556 U.S. at 678, quoting *Twombly*, 550 U.S. at 557.

In the complaint in this case, Plaintiffs fail to allege any specific act or omission that gives rise to a claim against Plunkett Cooney. Plaintiffs have failed to allege any specific improper court filing by Bernstein or Lannen; at best, Plaintiffs have alleged that Plunkett Cooney (collectively) represented the City of Southfield in matters adverse to Shefa and in which Shefa prevailed. Although Plaintiffs assert the City of Southfield asserted claims against both Shefa and Elhadad (see ¶ 64), the exhibits attached to Plaintiffs' complaint clearly indicates Elhadad was not a named party in the Bankruptcy Case or State Case. (See Exhibits A-C, E). In other words, Plaintiffs' complaint does not even purport to allege any acts or omissions targeting Elhadad.

Legal services performed by a law firm and its attorneys – even in unsuccessful matters – do not give rise to causes of action by the adverse party. Plaintiffs have failed to state any claim upon which relief can be granted.

III.   **Plaintiffs claims are barred under the principles of *res judicata.***

*Res judicata* prevents the re-litigation of claims that were actually litigated in the prior action and claims that could have been litigated in that lawsuit. *Knox County Ed. Assn. v. Knox County Bd. of Ed.*, 158 F.3d 361,

8

376 (6th Cir. 1998), cert. denied, 528 U.S. 812, 120 S. Ct. 46, 145 L. Ed. 2d 41 (1999). The federal law of *res judicata* will bar a claim if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) the claim in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. See *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), *cert. denied*, 517 U.S. 1220, 134 L. Ed. 2d 949, 116 S. Ct. 1848 (1996). *Res judicata* or claim preclusion prevents the re-litigation of "claims actually litigated as well as claims that could have been litigated." *Knox County Ed. Assn.*, 158 F.3d at 376. For purposes of the third element, a claim should have been brought in an earlier lawsuit, if it could have been brought therein. *Bob Tatone Ford, Inc. v Ford Motor Co.*, 140 F. Supp. 817, 823 (S.D. Ohio 2000).

Shefa moved for "summary disposition and sanctions" in the State Case on August 14, 2019. (**Exhibit 1**, motion excluding exhibits[7]). Relative

---

[7] Generally, "matters outside of the pleadings are not to be considered by a court in ruling on a . . . motion to dismiss." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). However, the Court may "consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) (internal quotation

to the request for sanctions, Shefa stated in part:

> Plaintiff [City of Southfield] is well aware or should be aware
> through counsel, that the law does not support its position and
> this lawsuit is legally barred.  Yet Plaintiff has chosen to move
> forward with this litigation regardless of the fact that Plaintiff's
> position is in contravention to the law.  Both Plaintiff and its
> counsel can – and should – be sanctioned.

(**Exhibit 1**, pp 18-19).  On September 12, 2019, the state court issued an

opinion and order granting Shefa's summary disposition motion and denying

Shefa's request for sanctions against the City of Southfield and Plunkett

Cooney.  Summarizing its reasoning, the state court indicated:

> The mere fact that a court rejects the legal position of a party
> does not mean that the party's claim was frivolous.  *Kitchen v
> Kitchen*, 465 Mich 654, 663; 641 NW2d 245 (2002).  In cases
> such as this where there is no case law directly on point and the
> resolution turned on complex jurisdictional considerations, this
> court cannot say that Plaintiff's argument was devoid of legal
> merit and frivolous.  Sanctions are denied.  (**Exhibit E**, p 11).

In both the Bankruptcy Case and State Case, Shefa had an opportunity

to seek sanctions against both the Southfield Defendants and Plunkett

Cooney.  The Court expressly rejected the request for sanctions in the State

Case.  *Res judicata* precludes Plaintiffs from seeking sanctions against

marks and citation omitted).  Plaintiffs' motion in the State Case satisfies
each of these alternative conditions for consideration.

Plunkett Cooney in this third matter.[8]

### IV. Plaintiffs have failed to plead any facts supporting a claim against Plunkett Cooney under 42 U.S.C. 1985 (3). Counts III and VI should be dismissed.

Counts III is titled "Violations of 42 USC 1985(3)", and Count VI is titled "Violation Of USC Conspiracy". On its face, 42 U.S.C. 1985 (3) provides for a cause of action when "two or more persons" "conspire" to deprive an individual of certain rights. Counts III and VI are clearly duplicative.

In order to establish a claim that Defendants conspired to violate their civil rights under 42 U.S.C. 1985(3), Plaintiffs must demonstrate "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Center for Bio-Ethical Reform, Inc., v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (quoting *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003)). The complaint must "allege both a conspiracy and some class-based

---

[8] Ironically, relying on *res judicata*, Shefa argued in the State Case that the court decisions in the Bankruptcy Case (**Exhibits B, C**) barred the City of Southfield's claims in the State Case. (**Exhibit 1**, pp 13-16).

discriminatory animus behind the conspirators' action," *Id.* (Internal quotation and additional citations omitted). The complaint "must be pled with some degree of specificity and...vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Id.*, (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). A section 1985(3) claim also requires that there be some racial or other class-based invidiously discriminatory animus behind the conspirators' action. See *United Broth. of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 834, 77 L. Ed. 2d 1049, 103 S. Ct. 3352 (1983).

Here, Plaintiffs' complaint is the prototype of a pleading alleging "vague and conclusory allegations unsupported by material facts." In Count III, only paragraph 120 of the complaint references Plunkett Cooney, stating that the actions of the Southfield Defendants "have been perpetuated by the added participants of Plunkett, Bernstein and Lannen by virtue of their actions as a driving force to deprive Plaintiffs of their rights…" In Count VI, only paragraph 168 of the complaint references Plunkett Cooney, stating in conclusory fashion, the Southfield Defendants and "Plunkett, Bernstein and Lannen formed a conspiracy…" Because they have alleged only conclusory allegations, Plaintiffs have not sufficiently pled a claim under 42 U.S.C. 1985(3).

V.   **Plunkett Cooney cannot be held liable under 42 U.S.C. 1983 because it is not a state actor. Additionally, Plaintiffs have not alleged any individual acts by Bernstein or Lannen. Counts IV, XIV and XV should be dismissed.**[9]

Count VI, purportedly asserting claims under 42 U.S.C. 1983, is pled

against all Defendants.   Only paragraph 145 refers to Plunkett Cooney,

stating:

> That the aforementioned actions by these Defendants have been perpetuated by the added participants of Plunkett Cooney and Bernstein by virtue of their actions as a driving force to deprive Plaintiffs of their rights…

Plaintiffs' sole conclusory allegation against Plunkett Cooney is insufficient

as a matter of law.

A. Plunkett Cooney is not a state actor that may be held liable under 42 U.S.C. 1983.

42 U.S.C. 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

---

[9] In Counts IV, XIV and XV, Plaintiffs purport to assert claims under the Fifth and Fourteenth Amendments (see ¶¶ 146, 148, 245 and 248-251), but only Count IV invokes 42 U.S.C. 1983. The Fourteenth Amendment does not create a private right of action; instead, "§ 1983 provides a cause of action for all citizens injured by an abridgement of th[e] protections" set forth in "the Equal Protection and Due Process Clauses of the Fourteenth Amendment." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 611, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008) (Stevens, J., dissenting) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 119-20, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992)). The arguments in this section apply to Counts IV, XIV and XV.

13

>citizen of the United States or other person within the
>jurisdiction thereof to the deprivation of any rights, privileges,
>or immunities secured by the Constitution and laws, shall be
>liable to the party injured in an action at law, suit in equity, or
>other proper proceeding for redress, except that in any action
>brought against a judicial officer for an act or omission taken in
>such officer's judicial capacity, injunctive relief shall not be
>granted unless a declaratory decree was violated or declaratory
>relief was unavailable.

42 U.S.C. 1983 provides relief for a plaintiff that has been deprived of a

federal statutory or constitutional right by a person acting under the color of

state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 56 L.

Ed. 2d 185 (1978). This "under the color of state law" requirement of 42

U.S.C. 1983 is the equivalent of the "state action" requirement for violations

of the Fourteenth Amendment Due Process clause. *United States v. Price*,

383 U.S. 787, 794 n.7, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966). When filing

a claim for a violation of the Due Process clause, a plaintiff must allege

some form of state action because the Due Process clause "protects

individuals only from governmental and not from private action." *Lugar v.*

*Edmondson Oil Co., Inc.*, 457 U.S. 922, 930, 102 S. Ct. 2744, 73 L. Ed. 2d

482 (1982). A person qualifies as a state actor only if his actions are fairly

attributable to the state. *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir.

1995). Private actors may be liable under 42 U.S.C. 1983 if they conspire

with state actors to violate civil rights. *Lugar*, 457 U.S. at 941; *Dennis v.*

*Sparks*, 449 U.S. 24, 27-32, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980).

Under 42 U.S.C. 1983, a plaintiff must allege that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law. See *Jones v. Duncan*, 840 F.2d 359, 361-62 (6th Cir. 1988). The principal inquiry in determining whether a private party's actions constitute "state action" under the fourteenth amendment is whether the party's actions may be "fairly attributable to the state." See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 73 L. Ed. 2d 482, 102 S. Ct. 2744 (1982). The Supreme Court has set forth three tests to determine whether the challenged conduct may be fairly attributable to the state in order to hold the defendants liable under section 1983. These tests are: (1) the public function test, *West v. Atkins*, 487 U.S. 42, 49-50, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988); *Flagg Bros. v. Brooks*, 436 U.S. 149, 157, 56 L. Ed. 2d 185, 98 S. Ct. 1729 (1978); (2) the state compulsion test, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 170, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970); and (3) the symbiotic relationship or nexus test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26, 6 L. Ed. 2d 45, 81 S. Ct. 856 (1961).

Plaintiffs have not alleged, and cannot establish, that Plunkett Cooney is a state actor under the public function test.   The public function test

requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections, *Flagg Bros.*, 436 U.S. at 149, or eminent domain, see *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 42 L. Ed. 2d 477, 95 S. Ct. 449 (1974). With regard to this case, providing legal services to a client in court proceedings has not been a power which has traditionally been exclusively reserved to the state.

Plaintiffs have not alleged and cannot establish that Plunkett Cooney was a state actor under the state compulsion test. The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state. See *Blum v. Yaretsky*, 457 U.S. 991, 1004, 73 L. Ed. 2d 534, 102 S. Ct. 2777 (1982); *Bier v. Fleming*, 717 F.2d 308, 311 (6th Cir. 1983), cert. denied, 465 U.S. 1026, 79 L. Ed. 2d 686, 104 S. Ct. 1283 (1984). More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives. *Blum*, 457 U.S. at 1004.

Here, although the City of Southfield retained Plunkett Cooney, a Michigan professional corporation (¶ 10), to render legal services in the Bankruptcy Case and State Case, nothing in the record suggests that the City of Southfield exercised such coercive power or provided such

16

encouragement as to make Plunkett Cooney's lawyering state action.

Nor can plaintiff establish that defendant was a state actor under the symbiotic relationship test. Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself. See *Jackson*, 419 U.S. at 351; *Burton*, 365 U.S. at 724-25. Merely because a business is subject to state regulation does not by itself convert its action into state action. *Jackson*, 419 U.S. at 350. Rather, it must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983. See *Bier*, 717 F.2d at 311.

Here, again, Plunkett Cooney's rendition of legal services – even to a municipality – does not satisfy the nexus test.

B. <u>Plaintiffs have not alleged any individual acts by Bernstein or Lannen.</u>

To establish 28 U.S.C. 1983 claims against the individual Plunkett Cooney defendants, Bernstein and Lannen, Plaintiffs must plead and establish that each of the defendants personally condoned, encouraged or participated in conduct that violated their rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted); see also, *Bellamy v. Bradley*,

17

729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845, 105 S. Ct. 156, 83 L. Ed. 2d 93 (1984).   Plaintiffs' complaint is absolutely void of any such allegations.

**VI.** **There exists no recognized cause of action under Michigan law for conspiracy to interfere with livelihood.   Count V should be dismissed.**

Plaintiff alleges in Count V conspiracy to interfere with livelihood against Aceves, Bernstein and Lannen, but, again, Plaintiffs allege no specific acts or omissions on the part of Bernstein and Lannen. Additionally, while Michigan recognizes causes of action for tortious interference with a business relationship (see., e.g., *Lakeshore Community Hosp v Perry*, 212 Mich. App. 396, 401; 538 N.W.2d 24 (1995)) and tortious interference with a contract (see, e.g., *Health Call v Atrium Home & Health Care Servs*, 268 Mich App 83, 90; 706 NW2d 843 (2005)), Michigan law does not recognize a cause of action for interference with livelihood.

**VII.** **Counts V and VII fail because the Complaint fails to allege the necessary elements of a conspiracy.**

Count V is for "conspiracy to interfere with livelihood", and Count VII is for "common law conspiracy".   While Plaintiffs allege "two or more overt acts against Plaintiffs" (¶ 175), Plaintiffs fail to allege any specific acts or omissions by Plunkett Cooney.

"A conspiracy is a combination of two or more persons, by some

concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a purpose not unlawful by criminal or unlawful means." *Fenestra, Inc v Gulf American Land Corp*, 377 Mich 565, 593; 141 NW2d 36 (1966) (emphasis added). An allegation of civil conspiracy, standing alone, is not actionable, *Magid v Oak Park Racquet Club Assocs, Ltd*, 84 Mich App 522, 529; 269 NW2d 661, lv den 404 Mich 805 (1978). Concert of action cannot be the tort or unlawful action underlying a conspiracy claim. *Cousineau v Ford Motor Co*, 140 Mich. App. 19, 22; 363 N.W.2d 721 (1985).

An attorney acts as his client's agent. *Uniproprop, Inc, v Morganroth*, 260 Mich. App. 442, 447; 678 N.W.2d 638 (2004). Plaintiffs claim Plunkett Cooney at all times acted as agents of the City of Southfield (¶¶ 159, 168, 176). Plaintiffs cannot satisfy the "two or more" participants requirement for a civil conspiracy because Plunkett Cooney and its principal, City of Southfield, are considered a single "person" for purposes of analyzing a civil conspiracy claim. See *Blair v Checker Cab Co*, 219 Mich. App. 667, 674; 558 N.W.2d 439 (1996). Counts V and VII fail to state a claim upon which relief can be granted.

**VIII.** **Plunkett Cooney cannot be held liable for concert of action, defeating Count VIII, because the complaint fails to allege that all defendants acted tortiously pursuant to a common design, and because Plaintiffs have failed to plead a valid underlying tort claim.**

A plaintiff may proceed on the theory of concert of action if he or she can prove "that all defendants acted tortiously pursuant to a common design". *Abel v Eli Lilly & Co.*, 418 Mich 311, 338; 343 NW2d 164 (1984). "Express agreement is not necessary, and all that is required is that there be a tacit understanding." Prosser, Torts (4th ed), § 46, p 292. Concert of action cannot exist independently of an underlying tortious act. *Cousineau*, 140 Mich. App. At 22.

In the complaint in this case, Plaintiffs claim vaguely all Defendants worked in concert (¶¶185, 190 and 209), but they do not allege any facts supporting this theory. Additionally, because Plaintiffs have not alleged an underlying cognizable tort claim, the concert of action claim fails as a matter of law.

**IX.** **Plaintiffs' claim for malicious prosecution fails because Plaintiffs have failed to plead Plunkett Cooney acted with malice or they incurred a special injury. Count IX should be dismissed.**

The tort of malicious prosecution is disfavored in Michigan. See, e.g., *Friedman v Dozorc*, 412 Mich. 1, 46; 312 N.W.2d 585 (1981) ("The cure for an excess of litigation is not more litigation"). The elements of malicious

prosecution under Michigan law are (1) the prior proceedings terminated in favor of the plaintiff in the present case, (2) the plaintiff in the prior proceeding lacked probable cause, and (3) malice, meaning that the plaintiff in the prior proceeding had a purpose other than obtaining adjudication of the claim asserted. *Id.*, 412 Mich. at 48. In addition, a plaintiff asserting malicious prosecution must establish that he or she suffered a "special injury," meaning an "injury to one's fame (as by a scandalous allegation), injury to one's person or liberty, and injury to one's property." *Id.*, 412 Mich. at 33-34. A special injury must be an injury that would not necessarily occur in all lawsuits alleging similar causes of action. *Barnard v Hartman*, 130 Mich. App. 692, 694-695; 344 N.W.2d 53 (1984).

In the complaint in this case, Plaintiffs have not pled that any claims brought by Plunkett Cooney on behalf of Southfield lacked probable cause. Additionally, in Count IX, Plaintiffs have claimed unspecified "damages" (¶ 191), but they have failed to plead a special injury. Elsewhere in the complaint, Plaintiffs' claim interference with their right to develop the Property, but they fail to allege any injury to the Property. Count IX fails to state a claim upon which relief can be granted.

X.   **Plaintiffs' claim under 28 U.S.C. 1927 fails as a matter of law. Count X should be dismissed.**

Count X is brought against only Bernstein and Lannen based on their prior representation of the City of Southfield in the Bankruptcy Case and State Case. (¶ 205).

It is clear from reviewing the case law discussing a claim under 28 U.S.C. 1927 that it authorizes a court to impose attorney fees against losing counsel in the case before the court.   See *Bynum v Michigan State University*, 117 F. R. D. 94, 97 (W.D. Mich. 1987).   There is simply no case law recognizing a claim under 28 U.S.C. 1927 against attorneys for conduct of the attorneys in other litigation, the sole basis of Plaintiffs' claims.   Count X fails as a matter of law.

## CONCLUSION

Wherefore, for the reasons set forth above, Defendants Plunkett Cooney P.C., Douglas C. Bernstein and Patrick Lannen request that this Court grant their motion to dismiss, and that this Court dismiss all claims against them with prejudice.

Respectfully submitted,

LENNON LAW PLLC

/s/Edward G. Lennon
Edward G. Lennon (P42278)
Attorney for Defendants Plunkett
Cooney, P.C., Douglas C. Bernstein,
and Patrick Lannen
355 S. Old Woodward, Ste. 100
Birmingham, MI 48009
(248) 723-1276
elennon@lennonlawpllc.com

Dated:  September 11, 2020

### Proof of Service

I certify that on September 11, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record herein at their respective addresses as disclosed on the pleadings.

Signature: /s/Catherine A. Conti
Catherine A. Conti
355 S. Old Woodward, Ste. 100
Birmingham, MI 48009
(248) 723-1276
cconti@lennonlawpllc.com

23