UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SHEFA, LLC,** and<br>**SIDNEY ELHADAD,**<br><br> Plaintiffs,<br><br>v.<br><br>**CITY OF SOUTHFIELD, SOUTHFIELD<br>DOWNTOWN DEVELOPMENT AUTHORITY,<br>AL ACEVES, PLUNKETT COONEY P.C.,<br>DOUGLAS C. BERNSTEIN,** and **PATRICK<br>LANNEN,**<br><br> Defendants. | Case No. 2:20-cv-11038<br>Hon. Terrence G. Berg<br>Mag. Judge Elizabeth Stafford |

| | |
|---|---|
| **WOOD, KULL, HERSCHFUS, OBEE<br>& KULL, P.C.**<br>By:  Brian H. Herschfus (P41567)<br>*Attorney for Plaintiffs*<br>37000 Grand River Avenue, Suite 290<br>Farmington Hills, MI 48335<br>P: (248) 476-2000<br>E: bhh@woodkull.com | **SEWARD HENDERSON, PLLC**<br>By:     T. Joseph Seward (P35095)<br>    Kali M. L. Henderson (P76479)<br>        David D. Burress (P77525)<br>*Attorneys for Defendants, Al Aceves,<br>City of Southfield and Southfield<br>Downtown Development Authority,<br>only*<br>210 E. 3rd Street, Suite 212<br>Royal Oak, MI 48067<br>P: (248) 733-3580<br>F: (248) 733-3633<br>E: jseward@sewardhenderson.com<br>khenderson@sewardhenderson.com<br>dburress@sewardhenderson.com |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND FOR JUDGMENT
ON THE PLEADINGS**

1

Defendants, **CITY OF SOUTHFIELD, AL ACEVES,** and **SOUTHFIELD DOWNTOWN DEVELOPMENT AUTHORITY**, by and through the undersigned counsel, submit the following as their Reply in support of Motion to Dismiss and Judgment on the Pleadings. LOCAL RULE CERTIFICATION: I, David D. Burress, certify that this document complies with Local Rules 5.1 and 7.1, including: double-spaced text (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; and type size that is no smaller than 14 point. I also certify that it is the appropriate length.

## I.   THE BANKRUPTCY COURT HAS SUBJECT-MATTER JURISDICTION

The arguments raised in Plaintiff's response further illustrate that this case should be dismissed for lack of subject matter jurisdiction. The Bankruptcy Court has jurisdiction to determine whether a party to a Confirming Order violated the plan. See *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (stating that "the Bankruptcy Court plainly had jurisdiction to **interpret** and **enforce** its own prior orders."). Here, the "starting premise" of Plaintiffs' claims is that they should have been given approval for 220-room hotel instead of a 427-room hotel. [ECF No. 17, PageID.476, 479-81, 487; see also ECF No. 1, PageID.6 ¶¶ 17-21]. However, nothing in the Confirming Order required approval of a 427-room hotel. The Confirming Order required Plaintiff to "obtain site plan approval for its proposed project at the Property," within 180 days. [ECF No. 1, PageID.63] (emphasis added). Plaintiff admits that the City of Southfield granted site plan approval for its proposed project, and Plaintiff subsequently let that

2

approval expire without completing the project. [ECF No. 1, Page.ID 5-6]. Plaintiff is simply attempting to escape its responsibilities and have this Court rule that the Confirming Order requires approval of a different project.

Another premise of Plaintiffs' argument is that the DDA or Mr. Aceves cannot be "involved" with the Property, because neither were part of the "eleven-hour mediation" in the Bankruptcy proceedings, or that they "should have had a provision allowing their involvement." [See ECF No. 17, PageID.478]. However, nothing in the Confirming Order prohibits the DDA and Aceves from carrying out their functions allowed by law. Moreover, Plaintiff admits that *Shefa* could have sought modification or clarification of the Confirming Order in the Bankruptcy Court. [ECF No. 17, PageID.468]. If Shefa wanted clarification whether its Property within the boundaries of the DDA remained subject to the DDA, that should have been raised in the Bankruptcy Court. The only conclusion that can be derived from the "premises" of Plaintiffs' argument is that the Bankruptcy Court has subject-matter jurisdiction, and this case should be dismissed.

## II.   ALTERNATIVELY, THE COURT SHOULD ABSTAIN AND DISMISS

Alternatively, the Court should dismiss this case as a matter of abstention. Dismissal is appropriate where a state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims. *Kircher v Charter Tp of Ypsilanti*, No. 06-14801, 2007 WL 1839895, at \*3 (ED Mich, June 27, 2007)[See ECF No. 12-1, PageID.318-19]. *Younger* abstention

3

also applies where when a party has an adequate remedy at law and will not suffer irreparable injury if denied . . . relief. *Younger v Harris*, 401 US 37, 43–44 (1971).

Plaintiffs have not addressed the issue of abstention but admit that the state court appeal remains pending. [ECF No. 17, PageID.476]. *Younger* abstention is appropriate when a state court appeal is pending. See, e.g., *Todd v Home Ins Co*, 809 F Supp 30, 31 (ED Mich, 1992). Plaintiffs were able to raise their claims in the state court, and the state courts are addressing the claims that were raised. Plaintiffs also cannot argue that there is any danger of irreparable harm if this court abstains when the state court case against them was dismissed.

Plaintiff also cannot dispute that the state court appeal involves important state interests. The mortgage required compliance with laws, ordinances, and regulations and prohibited waste. [ECF No. 1-7, PageID.125-128]. The Bankruptcy Court concluded that the City had remedies including foreclosure, and others, available under "nonbankrupcty law." [ECF No. 1-3, PageID.78]. The City's complaint for foreclosure and other relief was filed after a fire occurred at the Property and was based upon violations of ordinances and environmental laws. [See, e.g. ECF No. 1-6, PageID.106, 113]. Although Shefa convinced then Circuit Court Judge Jarbou that the Bankruptcy Court had subject-matter jurisdiction, Judge Jarbou acknowledged that the case presented novel legal issues. [ECF No. 1-6, PageID.115]. Those issues remain pending. Accordingly, dismissal of this case is also appropriate as a matter of abstention.

### III.   PLAINTIFFS' COMPLAINT FAILS TO STATE PLAUSIBLE CLAIMS

Plaintiffs attempt to avoid the jurisdictional bars to this case, with a barrage of claims that fail to meet plausibility pleading standards. Notably, Plaintiff's Response is devoid of reference to any allegation in the Complaint. Plaintiffs are also incorrect that *MRP Properties, LLC v United States*, 308 F Supp 3d 916, 920 (ED Mich, 2018), held that a party is excused from pleading a plausible claim and can instead use discovery to develop their claims. At issue in *MRP Properties* was whether the United States could be held liable for the cleanup of contamination at the plaintiff's oil refineries when the government controlled the refineries during the Second World War. *Id.* at 920-21, 928-30. Unlike the plaintiff in this case, the plaintiffs in *MRP Properties* alleged plausible claims. *Id.* at 919-921. A complaint must do more than merely recite the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must cross the line of possibility and enter the realm of plausibility. A plaintiff may not use discovery to obtain facts necessary to meet the plausibility threshold after filing suit. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011)

Plaintiffs attempt to convince the Court that this case should survive dismissal due to vague claims of antisemitism. But Plaintiffs' argument is not supported by the allegations in the Complaint. *Compare* [ECF No. 17, Page ID.468-69] *with* [ECF No. 1, Page ID 12, 22, 25, 30 (¶¶ 47, 95, 111, 136)]. Moreover, Plaintiff has argued nothing more than that Mr. Elhadad is a member of a protected class, which is insufficient to state a claim based on discriminatory animus. See *Jackson v Cox*, 540 F2d 209, 210 (5th

Cir. 1976). Plaintiffs do not identify any allegation showing invidious discriminatory animus or that they were treated differently than anyone else similarly situated.

Plaintiffs also fail to state a plausible *Monell* claim against the City of Southfield. A *Monell* claim must allege some act or omission taken pursuant to an unlawful policy or custom. See, e.g., *Bailey v. City of Ann Arbor*, 860 F.3d 382, 388 (6th Cir. 2017). Plaintiffs fail to allege an unlawful policy or custom that would result in liability for the City of Southfield. [See ECF No. 17, PageID.477].

Plaintiffs also fail to state claims for malicious prosecution or a taking. Plaintiff attempts to argue that special damages are not required for a malicious prosecution claim. [ECF No. 17, PageID.485-86]. However, *Sage Int'l, Ltd. v. Cadillac Gage Co.,* 556 F. Supp. 381, 386 (E.D. Mich. 1982), upon which Plaintiff relies, states that special injury is a "prerequisite" and there must be some allegation of "objective" damages equivalent to a taking. Plaintiffs argue that deals were "turned away," but the Complaint does not allege specifics, or any objective measure of damages. [ECF No. 17, Page ID 469-70].

Plaintiff has also failed to show that its conspiracy claims are plausible. The intracorporate conspiracy doctrine provides that employees or agents acting as part of a collective entity in a lawsuit do not commit a conspiracy. A*madasu v. The Christ Hosp*., 514 F.3d 504, 505-06 (6th Cir. 2008). Plaintiffs' response acknowledges that the basis of its conspiracy claim is a lawsuit or lawsuits. [ECF No. 17, Page.ID 473-74]. Plaintiff's Complaint also acknowledges that all the Defendants acted together as agents of the

6

City of Southfield. [See, e.g., ECF No. 1, PageID.4, 25, 33-34, 36 (¶¶ 8-9, 109, 152, 159, 168)]. The conspiracy claims are barred by the intracorporate conspiracy doctrine.

## IV.   THE SOUTHFIELD DEFENDANTS ARE ENTITLED TO IMMUNITY

Plaintiffs do not contest the City of Southfield's entitlement to governmental immunity. Rather, Plaintiffs simply question whether a Downtown Development Authority or its executive director are entitled to governmental immunity. [ECF No. 17, Page ID.488-89]. Michigan courts have answered Plaintiffs' question and found that a downtown development authority and its executive director are entitled to governmental immunity. See, *Mimi's Sweet Shop, Inc. v. Charter Twp. of Lansing Downtown Dev. Auth.*, No. 349117, 2020 WL 6235779, at *3 (Mich. Ct. App. Oct. 22, 2020)[Exhibit 1 - Mimis Sweet Shop Inc v Lansing DDA](affirming grant of summary disposition to DDA and executive director on grounds of immunity). The tort claims against Defendants City of Southfield, the Southfield DDA, and Aceves should be dismissed on grounds of qualified immunity and governmental immunity.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ David D. Burress (P77525)
*Attorneys for Defendants Aceves, Southfield,*
*Southfield Downtown Development Authority, only,*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
Dated: November 06, 2020         E: dburress@sewardhenderson.com

**PROOF OF SERVICE**

I hereby certify that on **Friday, November 6, 2020**, I electronically filed the foregoing document with the Clerk of the court using the ECF system, which will send notification to the following: ***All Parties and Attorneys of Record.***

/s/ Fatten Saad
**SEWARD HENDERSON PLLC**
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
T: (248) 733-3580
F: (248) 733-3633
E: fsaad@sewardhenderson.com

8
