Case 2:20-cv-11038-TGB-EAS ECF No. 19-2, PageID.582 Filed 11/06/20 Page 1 of 5

Mimi's Sweet Shop, Inc. v. Charter Township of Lansing..., Not Reported in N.W....

2020 WL 6235779
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

UNPUBLISHED
Court of Appeals of Michigan.

MIMI'S SWEET SHOP, INC., Plaintiff-Appellant,
v.
CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY, Steven L. Hayward, Michael G. Eyde, Eastwood, LLC, Towneast, LLC, and Towneast Parking, LLC, Defendants-Appellees.

Mimi's Sweet Shop, Inc., Plaintiff-Appellant,
v.
Towneast, LLC, and Towneast Parking, LLC, Defendants-Appellees,
and
Charter Township of Lansing Downtown Development Authority, Steven L. Hayward, Michael G. Eyde, and Eastwood, LLC, Defendants.

No. 349117, No. 350074
|
October 22, 2020

Ingham Circuit Court, LC No. 18-000890-CB

Before: Meter, P.J., and Shapiro and Riordan, JJ.

**Opinion**

Per Curiam.

*1 In Docket No. 349117, plaintiff, Mimi's Sweet Shop, Inc., appeals by right the trial court's order granting summary disposition under MCR 2.116(C)(7) (claims barred by governmental immunity and the statute of limitations) and MCR 2.116(C)(8) (failure to state a claim) to defendants Charter Township of Lansing Downtown Development Authority (the DDA) and Steven L. Hayward, and under MCR 2.116(C)(7) (claim barred by the statute of limitations) and MCR 2.116(C)(8) to defendants Michael G. Eyde and Eastwood, LLC (collectively, Eyde), and to Towneast, LLC, and Towneast Parking, LLC (collectively, Towneast). In Docket No. 350074, plaintiff appeals by right the trial court's order granting attorney fees to Towneast on the basis that plaintiff's complaint against Towneast was frivolous. We affirm.

I. FACTUAL BACKGROUND

In November 2012, Eastwood established a condominium project known as the Heights at Eastwood Condominium. In December 2012, the DDA leased the property from Eastwood to facilitate a mixed-use project. The DDA agreed to be restricted by the condominium project's master deed and bylaws, which among other things created a lease-approval committee and provided that no owner was permitted to lease any unit without the approval of the committee. In June 2015, the DDA indicated that it intended to "sub-sub-lease" portions of the property, and it assigned to Eastwood any rents that it received in connection with the leases.

According to plaintiff, Hayward began aggressively approaching it to become a retail tenant in the Heights while he was acting as the Executive Director of the DDA. Hayward was negotiating an agreement between Eyde and the DDA at the time he was negotiating plaintiff's lease. Hayward failed to inform plaintiff that one tenant would be closing and another proposed tenant, a bar, would be denied a lease. The bar was denied a lease in May 2015.

In July 2015, plaintiff signed a lease to become a retail tenant. The lease indicated that it was "the entire agreement between the parties," and that no other agreements, whether oral or written, had any force and effect. In the lease, plaintiff represented that there were no other oral agreements affecting the lease, and it agreed that the lease superseded any of the parties' previous negotiations. Plaintiff acknowledged that the Heights was subject to a master deed. The lease also provided:

> Except as otherwise set forth in this Lease, Landlord reserves the absolute right to effect such other tenancies in

Case 2:20-cv-11038-TGB-EAS ECF No. 19-2, PageID.583 Filed 11/06/20 Page 2 of 5

Mimi's Sweet Shop, Inc. v. Charter Township of Lansing..., Not Reported in N.W....

the Structure and Project as Landlord in the exercise of its sole business judgment shall determine to best promote the interests of the Project or any of the interest of Landlord in the Project. Tenant does not rely on the fact, nor does Landlord represent, that any specific lessee or mix or number of lessees shall, during the Term or any Renewal Term, occupy any space in the project.

The lease indicated that plaintiff agreed to provide the landlord with gift cards or coupons, which the landlord would use "to build brand awareness of the Heights at Eastwood, Mimi's Sweet Shop, Inc. and the DDA." Finally, concerning signage, the lease provided that plaintiff would have the right to install its logo or signage on any multitenant signage associated with the Heights.

**\*2** Plaintiff asserted that Hayward subsequently indicated that various restaurants and businesses would open around its location, but the businesses did not materialize or were vetoed. Plaintiff believed that defendants delayed development at the Heights, reducing the amount of people drawn to the area and causing plaintiff to operate at a loss. In March 2018, plaintiff filed a lawsuit against defendants in federal district court. In October 2018, the parties stipulated to dismiss plaintiff's state-law claims without prejudice, with plaintiff reserving its right to file state-law claims and defendants reserving their right to assert any counterclaims or defenses.

In December 2018, plaintiff filed its complaint in this case. Following motions for summary disposition by defendants, the trial court granted summary disposition as previously described. Plaintiff now appeals.

II. STATUTE OF LIMITATIONS

Plaintiff argues that the trial court erroneously determined that the statute of limitations barred its claims for tortious interference with a business relationship and tortious interference with a contractual relationship, because the limitations period was tolled when plaintiff filed its complaint in federal court. We disagree. Plaintiff's federal complaint did not toll the statute of limitations on its claim for tortious interference with a business relationship because it is a separate claim from tortious interference with a contractual relationship.

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Odom v. Wayne Co.*, 482 Mich. 459, 466; 760 N.W.2d 217 (2008). Summary disposition is appropriate if the plaintiff's claim is barred because of immunity granted by law or the statute of limitations, among other reasons. MCR 2.116(C)(7). When considering a motion under MCR 2.116(C)(7), the court must consider the pleadings as true unless other facts contradict them. *Dextrom v. Wexford Co.*, 287 Mich. App. 406, 428; 789 N.W.2d 211 (2010). If no facts are in dispute, and if no reasonable minds could differ regarding the legal effect of the facts, whether a claim is barred is a question of law. *Id.* at 429. This Court also reviews de novo whether a statute of limitations bars a claim, *Scherer v. Hellstrom*, 270 Mich. App. 458, 461; 716 N.W.2d 307 (2006), and reviews de novo the application of governmental immunity, *Moraccini v. Sterling Hts.*, 296 Mich. App. 387, 391; 822 N.W.2d 799 (2012).

Among other circumstances, the statute of limitations is tolled when jurisdiction over a defendant is "otherwise acquired." MCL 600.5856(b). "[T]he statute of limitations is tolled during the time a prior suit is pending between the parties if the prior action is not adjudicated on the merits." *Roberts v. City of Troy*, 170 Mich. App. 567, 581; 429 N.W.2d 206 (1988). The statute of limitations is tolled while parties litigate a claim in federal court if the federal court does not exercise jurisdiction over the plaintiff's state-law claims and dismisses those claims without prejudice. *Id.* at 582. However, the statute of limitations is not tolled when the plaintiff has filed a different cause of action seeking different relief. See *Lenz v. Detroit*, 376 Mich. 156, 160; 135 N.W.2d 904 (1965) (holding that the plaintiff's cause of action seeking damages for wrongful discharge was not tolled by the plaintiff's previous suit seeking mandamus). "[T]ortious interference with a contract or contractual relations is a cause of action distinct from tortious interference with a business relationship or expectancy," because the two causes of actions have different elements. *Health Call of Detroit v. Atrium Home Health Care Servs., Inc.*, 268 Mich. App. 83, 89-90; 706 N.W.2d 843 (2005).

**\*3** In this case, plaintiff's federal complaint asserted a claim for "interference with a contractual relationship," not a claim for tortious interference with a business relationship. Because plaintiff's federal complaint asserted a different cause of action, the federal complaint did not toll the statute of limitations for plaintiff's claim of tortious interference with a business relationship. We conclude that the trial court did not err by granting summary disposition on the basis that the statute of limitations barred plaintiff's business-relationship claim.

Case 2:20-cv-11038-TGB-EAS  ECF No. 19-2, PageID.584  Filed 11/06/20  Page 3 of 5

Mimi's Sweet Shop, Inc. v. Charter Township of Lansing..., Not Reported in N.W....

We also reject plaintiff's argument that the trial court erroneously determined that the statute of limitations barred plaintiff's claim of tortious interference with a contractual relationship. As part of its argument concerning the statute of limitations, plaintiff argues that the trial court erroneously determined that governmental immunity barred plaintiff's claim of tortious interference with a contractual relationship. This Court may decline to review an issue that the appellant did not raise in his or her statement of questions presented. *Marx v. Dep't of Commerce*, 220 Mich. App. 66, 81; 558 N.W.2d 460 (1996). Plaintiff's statement of issues presented does not raise any issue concerning governmental immunity. We decline to review this issue.[1]

### III. ILLEGAL DELEGATION

Plaintiff argues that the trial court erred by ruling that it did not have a private cause for damages for the DDA's illegal delegation of authority to Eyde. We reject plaintiff's argument because plaintiff conflates two different types of delegation that are not permissible. Plaintiff did not actually assert a claim of an *unconstitutional* delegation of authority—that is, a delegation of authority without standards—under which plaintiff could possibly be entitled to monetary damages.[2] Rather, plaintiff asserted an impermissible delegation of discretionary acts, for which the remedy would be to void the impermissible delegation.

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Odom*, 482 Mich. at 466. A party may move for summary disposition if the opposing party has failed to state a claim on which relief can be granted. MCR 2.116(C)(8). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Taylor v. Kurapati*, 236 Mich. App. 315, 359; 600 N.W.2d 670 (1999). The trial court must accept all factual allegations in the complaint as true, must determine whether a record may be developed that could leave open a factual issue, and may only grant summary disposition if "no factual development could possibly justify a right of recovery." *Id.* at 359-360. This Court also reviews de novo the interpretation of statutes and the validity of administrative rules. *Lake Isabella Dev., Inc. v. Village of Lake Isabella*, 259 Mich. App. 393, 397-398; 675 N.W.2d 40 (2003).

**\*4** An unconstitutional delegation of authority exists when the delegation provides the agency with a complete lack of standards regarding how to exercise its authority. *Blue Cross & Blue Shield of Mich. v. Governor*, 422 Mich. 1, 55; 367 N.W.2d 1 (1985). Additionally, "an administrative agency may not subdelegate the exercise of discretionary acts unless the Legislature expressly grants it authority to do so." *Lake Isabella Dev.*, 259 Mich. App. at 410 (quotation marks and citation omitted). When an agency is not empowered to delegate authority, its attempt to do so is invalid. *Id.* at 412.

The trial court held that plaintiff's claim was not actually a claim for unconstitutional delegation of authority because plaintiff had not challenged a legislative enactment and had not sought to have the delegation declared unconstitutional. We conclude that the trial court did not err. Plaintiff's complaint asserted that the responsibilities of the DDA included halting the deterioration of property values and promoting economic growth and that it was allowed to enter into any contracts necessary to perform its duties. Plaintiff further asserted that the DDA impermissibly entered into an agreement with Eyde that gave Eyde the power to veto major decisions at the Heights, and that this delegation of its authority was improper because it gave a private party the authority to override lease agreements that the DDA created. Plaintiff sought money damages. Because plaintiff did not assert that the illegal delegation lacked sufficient standards, plaintiff did not actually state a claim for an unconstitutional delegation of authority. Rather, plaintiff stated a claim that the DDA was not permitted to delegate authority. This was a separate claim, and plaintiff did not seek to invalidate the act.[3] Therefore, the trial court did not err by granting summary disposition.

### IV. COMPLAINT AMENDMENT

Plaintiff argues that the trial court should have granted it the opportunity to amend its complaint because its initial complaint asserted enough facts to support its various claims against defendants. Defendants argue that the trial court could not have abused its discretion by denying plaintiff's motion for leave to amend the complaint because plaintiff did not present the trial court with a written amendment. We agree with defendants.

A trial court's decision regarding a party's motion to amend its pleadings is reviewed for an abuse of discretion, and will only be overturned if the decision is outside the range of reasonable and principled outcomes. *Wormsbacher v. Seaver Title Co.*, 284 Mich. App. 1, 8; 772 N.W.2d 827 (2009). "If a

Case 2:20-cv-11038-TGB-EAS ECF No. 19-2, PageID.585 Filed 11/06/20 Page 4 of 5

Mimi's Sweet Shop, Inc. v. Charter Township of Lansing..., Not Reported in N.W....

plaintiff does not present its proposed amended complaint to the court, there is no way to determine whether an amendment is justified." *Anton, Sowerby & Assoc., Inc. v. Mr. C's Lake Orion, L.L.C.*, 309 Mich. App. 535, 551; 872 N.W.2d 699 (2015). When a party makes an oral request to amend and does not offer a written amendment, the party has not complied with the court rules, and the trial court does not abuse its discretion by denying the party's request to amend the complaint. *Lown v. JJ Eaton Place*, 235 Mich. App. 721, 726; 598 N.W.2d 633 (1999).

**\*5** Plaintiff indicated in its response to Eyde's motion for summary disposition that it should be allowed to amend its complaint, and made further arguments to that effect at the hearing on the motions for summary disposition. However, plaintiff did not provide the trial court with a written amendment. Because plaintiff did not offer a written proposed amended complaint, the trial court would not have been able to easily determine whether an amendment was justified. Its decision not to allow plaintiff to amend its complaint did not fall outside the range of reasonable and principled outcomes.

V. SANCTIONS

Plaintiff asserts that the trial court should not have awarded Towneast sanctions because its action was not frivolous. We disagree. Plaintiff's complaint did not provide specific allegations against Towneast, nor did plaintiff respond to Towneast's motion for summary disposition with arguments directed at Towneast when Towneast raised this issue in its motion for summary disposition.

This Court reviews for an abuse of discretion the trial court's decision to impose sanctions. *KBD & Assocs., Inc. v. Great Lakes Foam Technologies, Inc.*, 295 Mich. App. 666, 677; 816 N.W.2d 464 (2012). The trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id.*

When an attorney signs a document, the attorney certifies that (1) he or she has read the document, (2) to the best of the person's knowledge "formed after a reasonable inquiry," the document is well-grounded in fact and "warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," and (3) the purpose of the document is not improper. MCR 1.109(E)(5). The trial court shall sanction a party who signed a document in violation of this court rule, and the sanction "may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees." MCR 1.109(E)(6). Additionally, the trial court may impose sanctions for claims or defense that are frivolous under MCR 2.625(A)(2). MCR 1.109(E)(7). A court may find that a party's action is frivolous if, among other grounds, "[t]he party's legal position was devoid of arguable legal merit." MCL 600.2591(3)(a)(*iii*).

A review of plaintiff's complaint indicates that, other than stating that Towneast's registered agent was Hayward and that Towneast operated a parking garage in the Heights, and that an agreement separated Towneast's parking garage from the retail spaces, plaintiff's complaint does not mention Towneast, much less make any claim against it. When Towneast moved for summary disposition, it argued in part that plaintiff had not requested relief or damages against Towneast. Plaintiff's response to Towneast consisted entirely of arguments addressing the liability of the DDA, Eyde, and Hayward. Because plaintiff did not state any legal position against Towneast, much less one that had arguable merit, we conclude that the trial court's decision to sanction plaintiff did not fall outside the range of reasonable and principled outcomes.

Affirmed.

Shapiro, J. (concurring).
I concur, but disagree with the majority's treatment of the motion to amend complaint and the related statute of limitations issue. I would deny relief on those issues because the proposed amendment was futile.

**All Citations**

Not Reported in N.W. Rptr., 2020 WL 6235779

Footnotes

1     We note that plaintiff's argument also fails to address the basis of the trial court's decision, which was that plaintiff had not alleged that defendants took an action that was wrongful per see. See *Derderian v. Genesys Health Care Sys.*, 263

Case 2:20-cv-11038-TGB-EAS ECF No. 19-2, PageID.586 Filed 11/06/20 Page 5 of 5

Mimi's Sweet Shop, Inc. v. Charter Township of Lansing..., Not Reported in N.W....

| | |
|---|---|
| | Mich. App. 364, 381; 689 N.W.2d 145 (2004) (holding that this Court need not consider an issue that was not the basis of the trial court's decision). |
| 2 | "Not every constitutional violation merits damages." *Mays v. Governor*, ––– Mich. ––––, ––––; ––– N.W.2d ––– (2020) (Docket Nos. 157335 through 157337 and 157340 through 157342); slip op. at 31. However, damages may be warranted for a constitutional violation, depending on the weight of various factors. See *id.* at ––––; slip op. at 31. |
| 3 | Regardless, we note that the master deed, to which both the DDA and plaintiff's leases were subject, reserved the right of a lease-approval committee to determine who was permitted to lease units in the condominium. The DDA could not have delegated this authority because it did not have it. |

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.