UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SHEFA, LLC, AND SIDNEY ELHADAD**, | 2:20-cv-11038-TGB-EAS |
| Plaintiffs, | HON. TERRENCE G. BERG |
| v. | |
| **CITY OF SOUTHFIELD, ET AL.**, | **ORDER DISMISSING SUPPLEMENTAL STATE LAW CLAIMS WITHOUT PREJUDICE TO REFILING IN STATE COURT** |
| Defendants. | |

This dispute arises out of Plaintiffs' efforts to redevelop a long-defunct hotel in Southfield, Michigan. The Court assumes familiarity with the facts of this matter, which are recounted in detail in the Court's previous Order. ECF No. 20. Now pending are two state-law claims by the original Plaintiffs against the City of Southfield, and several state-law counterclaims brought by Southfield. A case between these parties involving substantially the same issues was also previously filed in Oakland County Circuit Court. *See Southfield City vs. Shefa, LLC*, 2019-175286-CZ (Oakland Cty. Cir. Ct.).

## I.   ANALYSIS

On September 28, 2021, the Court issued an Order dismissing most of Shefa and Elhadad's claims against most Defendants. *See generally* ECF No. 20. Though Plaintiffs' federal claims were dismissed, the Court

1

stated that it would exercise its discretion to retain supplemental jurisdiction over the remaining state-law claims for three main reasons: (1) there remained the possibility that Plaintiffs might revive their federal-law claims in an Amended Complaint; (2) the history of this case includes an order of a federal bankruptcy court and, (3) most important, at the time the Court entered its order the Oakland County Circuit Court had concluded that it *lacked* jurisdiction over a matter closely related to this case. *Id.* at PageID.625.

In its prior Order, the Court also considered the possibility that *Younger* abstention or another doctrine of abstention might be implicated because of the still-pending state court action.[1] *See* ECF No. 20, PageID.594-601. Because the state court had dismissed the action for lack of jurisdiction, this Court declined to abstain. But the Court explicitly warned the parties that the Court could revisit abstention if the state court action "proceed[ed] in a way that implicate[d] *Younger* or any other abstention doctrine in the future." *Id.* at PageID.601.

At the Court's invitation, Plaintiffs then moved to amend their complaint, and the Court granted that motion in part. *See* ECF No. 30. The Amended Complaint still did not contain any federal-law claims but, as before, the Court exercised its discretion to exercise supplemental

---

[1] At that time, an appeal of the Oakland County Circuit Court's dismissal for lack of jurisdiction was pending. As explained below, the Michigan Court of Appeals reversed that dismissal, and the Michigan Supreme Court recently declined to hear an appeal.

jurisdiction. In doing so, the Court's primary concern was that Plaintiffs would be left with no forum in which to litigate their state-law claims. That, in the Court's view, was an "unusual circumstance" involving "prejudice arising from relegating the case for trial in the state court" sufficient to overcome the "strong presumption in favor of dismissing supplemental claims" when all federal claims have been dismissed under Federal Rule of Civil Procedure 12(b)(6). *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996).

Unbeknownst to this Court, however, just a few days before the Court issued its order granting in part Plaintiffs' motion to amend, the Michigan Court of Appeals published a well-reasoned opinion reversing the Oakland County Circuit Court's decision finding no jurisdiction and explained clearly that the state court did have jurisdiction to hear this case. *See City of Southfield v. Shefa, LLC*, --- N.W.2d ---, 2022 WL 413923 (Mich. Ct. App. Feb. 10, 2022). In a thorough analysis of federal bankruptcy jurisdiction, the Court of Appeals explained that, while federal district courts have exclusive jurisdiction of cases under title 11 of the federal bankruptcy code, federal courts' jurisdiction is not exclusive over "proceedings arising under title 11," "proceedings 'arising in' a case under title 11," and "proceedings 'related to' a case under title 11." *Id.* at *7. The Court of Appeals went on to explain that Southfield's claims were not causes of action "created by title 11 or pursued as part of [Shefa's] bankruptcy case," and thus jurisdiction over those claims did not rest

exclusively with the federal courts. *Id.* at *8. The Court of Appeals also noted that it "expect[ed] that the matter of which trial court is the best forum for resolving the parties' various claims [would] be explored further by the parties and trial courts." *Id.* at *11. The Michigan Supreme Court recently declined to hear an appeal of that decision. *See City of Southfield v. Shefa, LLC*, 975 N.W.2d 458 (Mich. 2022).

Defendant Southfield has since filed several counterclaims that collectively are, in essence, a duplicate of the complaint Southfield originally filed in Oakland County Circuit Court. *See* Counterclaim, ECF No. 38. Southfield has also moved to appoint a receiver, as it did in the state court action. ECF No. 41. Accordingly, the Court is now faced with only state-law claims brought by both parties. Southfield's claims are essentially identical to those that it filed previously in state court. And Shefa's claims too arise under state law: an inverse condemnation claim brought under Michigan law and a state-law breach of contract claim alleging a breach of the confirmed bankruptcy plan.[2]

---

[2] Though the contract Southfield allegedly breached is a confirmed bankruptcy plan, that does not mean jurisdiction rests exclusively with the federal courts. "[A] state law breach of contract action may be brought for a breach of chapter 11 [plan] obligations." *See Wade v. Farmers Nat. Ban*k, No. 3:10CV-217-S, 2011 WL 4587581, at *3 (W.D. Ky. Sept. 30, 2011) (quoting *In re Nylon Net Co.*, 225 B.R. 404, 406 (Bankr. W.D. Tenn. 1998) (citing *Paul v. Monts*, 906 F.2d 1468 (10th Cir.1990); *see also In re Xofox Indus., Ltd.*, 241 B.R. 541, 543 (Bankr. E.D. Mich. 1999) ("[T]he mere reservation of jurisdiction in the case by the Bankruptcy Court post-

At this point, there is little reason for the Court to retain jurisdiction in this matter. The Court has retained subject matter jurisdiction over the claims herein based on supplemental jurisdiction. No party has raised any other basis for this Court's exercise of subject-matter jurisdiction.[3] The Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed," and retaining state-law claims is only proper where other interests outweigh a "concern over needlessly deciding state law issues." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011).

---

confirmation does not foreclose the right of a party to seek his remedy upon default under the plan in a state court having jurisdiction over the subject matter of the dispute) (internal marks and citation omitted); *In re Kmart Corp.*, 307 B.R. 586, 596 (Bankr. E.D. Mich. 2004) ("Orders of bankruptcy courts . . . can also be interpreted by other courts of competent jurisdiction. Thus, state courts are qualified to interpret the language of bankruptcy plans and orders and routinely engage in such interpretation.").

[3] Even if this Court might still have jurisdiction over at least some of the claims under 28 U.S.C. § 1334 *et seq*, neither party has suggested or raised the issue of this Court's bankruptcy jurisdiction. In any event, § 1334(c)(1) specifically allows a district court "in the interest of justice, or in the interest of comity with State courts or respect for State law" to "abstain[] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." The same factors that weigh against exercising supplemental jurisdiction weigh in favor of abstention under § 1334(c)(1), and the Court therefore abstains from exercising bankruptcy jurisdiction for those reasons.

Courts evaluating supplemental jurisdiction are directed to consider several factors, including "judicial economy, convenience, fairness, and comity," as well as the "avoidance of multiplicity of litigation," and importance of avoiding "needlessly deciding state-law issues." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010). While those factors may have weighed in favor of exercising supplemental jurisdiction earlier in this case, they no longer do. To be sure, the Court's familiarity with this case and length of time this matter has been pending both support the exercise of supplemental jurisdiction. But, considering the other relevant factors, the balance weighs against retaining these claims.

First, and most important, this entire dispute concerns state-law property and contract issues that are more properly addressed by state, not federal, courts, particularly where—as here—an action between the parties has already been filed in state court. *Musson Theatrical*, 89 F.3d at 1256; *Schmidt v. PennyMac Loan Servs., LLC*, 106 F. Supp. 3d 859, 872 (E.D. Mich. 2015) (adopting report and recommendation). Second, no dispositive motions are pending, and the court has made no factual findings at all, nor has the court addressed the merits of any of the remaining claims. *See Fox v. Brown Mem'l Home, Inc.*, 761 F. Supp. 2d 718, 724-25 (S.D. Ohio 2011). And while the parties have conducted discovery for approximately six months and the discovery period has just closed, Defendant has moved for a two-month extension of discovery—

the first such request by either party. *See* ECF No. 50. Defendant's request, and any other motion for extension of discovery, may be pursued in state court, and the discovery materials already produced will be equally useful in state court. *Packard*, 423 F. App'x at 584-85 (affirming a district court's refusal to exercise supplemental jurisdiction after discovery had closed and the case had been pending for three years.). Further, either party may request an additional extension of the discovery period if necessary. Third, resolving these matters in state court would avoid duplicative litigation: the same claims Southfield raises here have already been brought in the Oakland County Circuit Court case. The parties may continue litigating those claims and Plaintiffs' claims "at the same procedural juncture where they left off in federal court." *Fox*, 761 F. Supp. 2d at 725.

In light of the "strong presumption in favor of dismissing supplemental claims," particularly where federal claims have been dismissed for failure to state a claim, *Musson Theatrical*, 89 F.3d at 1255, this Court will dismiss the pending claims without prejudice to refiling and continuing this litigation in state court.

## CONCLUSION

For the foregoing reasons, the Court **DECLINES** to exercise supplemental jurisdiction over the remaining state-law claims. All pending claims are **DISMISSED WITHOUT PREJUDICE** to refiling in state court, particularly the Oakland County Circuit Court action that

has already been filed. The two pending motions are **DENIED AS MOOT** without prejudice.

**IT IS SO ORDERED**

Dated: September 9, 2022

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE